BIGGS v. KEY. (No. 926.)

(Court of Civil Appeals of Texas. El Paso. Feb. 13, 1919. Rehearing Denied Feb. 27, 1919.)

PARTNERSHIP  ⬡⟹328(3)—ACCOUNTING — EVIDENCE—SUFFICIENCY.

In a suit to settle partnership transactions in feeding and fattening hogs, the partners to share equally in the expenses and profits, an agreed statement of facts *held* not sufficient to show that any profits had been made.

Error from Ward County Court; Geo. H. Tucker, Judge.

Action by Jessee Key against S. V. Biggs. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Ben. Palmer, of Pecos, for plaintiff in error.

Garrard & Baker, of Midland, for defendant in error.

WALTHALL, J. Jessee Key brought this suit in the county court of Ward county against S. V. Biggs for a settlement accounting of partnership transactions between them, in which it was agreed in writing,

in substance, that a partnership relation was then entered into between them, and that a certain number of hogs then owned by Key were to be put into the partnership; that the partnership would borrow money and buy a certain number of other hogs and the two lots to be shipped from Barstow, Ward county, to Cherokee county, and there fed and fattened for the market, each partner sharing as agreed, equally, in the expenses and profits. Key alleged there would be due him, on settlement of the partnership transactions which had not been had, the sum of $500, for which he sued. Defendant admitted the execution of the contract and the partnership, alleged the compliance with the partnership arrangement. submitted a statement, and alleged same to be a correct account of the partnership transactions, and alleged that no profits were realized, but a partnership loss of several hundred dollars was sustained. Biggs also filed a cross-action to which an exception was sustained, and, there being no error assigned thereto, same will not be further mentioned. The trial with the aid of a jury resulted in a verdict and judgment in favor of Key, in the sum of $310, from which this appeal is prosecuted.

The case is submitted upon an agreed statement of the facts. We think we need not copy the statement here. It snows, briefly stated, that Key owned and put into the partnership 100 head of hogs which he owned individually, and that Key and Biggs borrowed of the bank on their joint note $620, with which they purchased for the partnership 136 head more of hogs and shipped the 236 head from Ward county to Cherokee county to be there fattened for the market. It was stated in the partnership agreement that Key was to pay on the 136 head such amount as an amount in weight of the 136 head purchased, added to the weight of the 100 head owned individually by Key, would aggregate one-half the weight of the entire lot, and that Biggs was to pay such amount of the purchase price of the 136 head purchased as would aggregate one-half the weight of the entire lot of 236 head to be shipped and at the time shipped from Ward county to Cherokee county. The hogs were to be run on acorns and fed such other feed as was necessary to fatten them for mar-

ket, to be under the care of Biggs; Biggs to hire a man to look after, feed, and care for them. Key and Biggs were to share equally in the expense of shipping, corn, and feed, and, when the hogs were sold, each to share one-half the profits. After all expenses were deducted from the proceeds of the sale, out of one-half remaining to Biggs, he agreed to pay his pro rata part of the purchase price of the 136 head of hogs (purchased of Neeley); and Key, out of the one-half of the proceeds remaining to him, agreed to pay his pro rata part of the purchase price of the 136 head purchased, according to the weight of the hogs in Ward county at time of shipment. The weight of the 100 head of the Key hogs is not given in the agreed statement. The weight of the entire 236 head, when shipped from Ward county, was 15,535 pounds. Key went with the shipment, and the statement shows several items of expense incurred and paid by Key, before the hogs were shipped and during the shipment; but the amounts are nowhere shown, except the sum of $60 paid by Key to Neeley. The agreed statement of the expenses of the keep of the hogs after reaching Cherokee county and up to the time they were sold aggregates $654.17. The entire lot of hogs sold on the market for $903.75. The items of the expense account were for feed for the hogs, help hire, teams used in hauling feed, all of which were either furnished or paid for by Biggs. The statement further shows that Biggs paid the entire said partnership note at the bank, amounting to the sum of $650. If the entire lot of hogs cost $1,346.17, as agreed, and sold for $903.75, as agreed, a loss is shown of $460, of which loss, Key owning a one-half interest, discharged only $60.

In order to sustain a recovery by Key, the agreed facts must show a profit, and, in that event, the amount of his recovery would be the difference between his one-half interest in the hogs and the profit shown. In brief, Key's one-half interest in the hogs sold for $451.87½, charged with an indebtedness, as well as we can determine from the agreed statement of facts, of $460.32, paid by Biggs.

The verdict and judgment rendered are not sustained by the agreed statement, and for that reason the case is reversed and remanded.